UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON RESCH, #304507,

      Plaintiff,                               Civil Action No. 22-CV-12165

vs.                                     HON. BERNARD A. FRIEDMAN

ANDREA EDGAR-LINDHOUT, et al.,

      Defendants.

_____/

## OPINION AND ORDER REQUIRING THE PARTIES TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

This is a pro se civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff Brandon Resch is presently incarcerated in the Parnall Correctional Facility in Jackson, Michigan. However, in the complaint he states that he "was incarcerated at the Carson City Correctional Facility (DRF) at all times relevant to the events described" therein. (ECF No. 1, PageID.2). The Carson City Correctional Facility is located in Montcalm County, which is in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Further, the complaint names nine individual defendants, all of whom were employed at the Carson City Correctional Facility when the alleged events occurred. Three of the defendants were employed by the Michigan Department of Corrections ("MDOC") and six were employed by Corizon Medical Services, Inc., which is also named as a defendant in this case. (ECF No. 1, PageID.2-3).

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where (1) "any defendant resides, if all defendants reside in the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is

situated"; or (3) "any defendant is subject to the court's personal jurisdiction with respect to such action," provided no judicial districts falls within categories (1) or (2). 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). For venue purposes, a defendant corporation resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Section 1391(c)(2).

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "[Section] 1404(a) does not require a motion; a district court may transfer a case sua sponte." *Carver v. Knox Cnty., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989). Further, a court may do so "even if the venue initially selected is permissible under 28 U.S.C. § 1391." *Marshall v. George*, No. 1:20-cv-722, 2020 WL 6318593, at *2 (W.D. Mich. Oct. 28, 2020). The statute "place[s] discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The Supreme Court has further explained that "[t]he idea behind [§] 1404(a) is that where a civil action to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings,[1] transfer the whole action

---

[1] A district court must weigh:

(1) the convenience to parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost

to the more convenient court." *Van Dusen*, 376 U.S. at 622 (internal quotation marks omitted). However, district courts are generally advised to first "provide[] the parties . . . the opportunity to argue their views on the issue." *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 393 (E.D. Mich. 1982). *See also Starnes v. McGuire*, 512 F.3d 918, 934 (D.C. Cir. 1974) (stating that the court should "issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons for believing that this forum is most convenient or that the proposed alternative forum is inconvenient or not within the ambit of § 1404(a)").

Because "a substantial part of the events or omissions giving rise to [plaintiff's] claim[s] occurred" in the Western District of Michigan, this civil action could have been brought in that district. Section 1391(b); *see also Zalewski v. Scovil Hannah Corp.*, No. 2:21-CV-12834-TGB, 2022 WL 3447590, at *1 (E.D. Mich. Aug. 17, 2022) ("In determining whether to transfer a case under § 1404(a), a court must first find that the civil action could have been brought in the requested transferee district."). That all of the named MDOC defendants resided in the Western District of Michigan during the relevant period, all of the Corizon employees were at least employed in the Western District of Michigan at that time, and most if not all of the non-party witnesses likely reside in the Western District of Michigan, further weigh in favor of transferring this case to the Western District of Michigan pursuant to § 1404(a). However, the Court shall first provide the

---

of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interest of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice would be advanced by a transfer.

*Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 394 (E.D. Mich. 1982).

3

parties the opportunity to argue their views on this issue.  Accordingly,

IT IS ORDERED that the parties show cause within seven days of the date of this order why the Court should not transfer this case to the United States District Court for the Western District of Michigan.

|  |  |
|---|---|
| | s/Bernard A. Friedman |
| Dated:  September 19, 2022 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 19, 2022.

Brandon Resch  #304507
PARNALL CORRECTIONAL FACILITY - SMT
1780 E. PARNALL
JACKSON, MI 49201

s/Johnetta M. Curry-Williams
Case Manager