UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON RESCH,<br>　　　　　　　　　Plaintiff,<br>v.<br>ANDRE EDGAR-LINDHOUT, *et al.*,<br>　　　　　　　　　Defendants.<br>_____/ | Case No. 22-12165<br><br>Bernard A. Friedman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING DEFENDANTS' MOTION TO CHANGE VENUE (ECF No. 30), DIRECTING THEM TO RESPOND TO THE COMPLAINT, and GRANTING PLAINTIFF'S MOTION TO LIFT THE STAY (ECF No. 32)**

　　Plaintiff Brandon Resch filed this prisoner civil rights lawsuit on September 13, 2022, without the assistance of counsel. The Court ordered him to show cause why this case should not be transferred to the Western District of Michigan because the events alleged in the compliant occurred in a prison facility located in the Western District. (ECF No. 3). In his response to that Order, Plaintiff requested that this case continue in this District for several reasons: he would be inconvenienced by the distance to confer with medical expert witnesses, discovery will not be hindered if the case remained here, the parties have equal ways to compel witness attendance here, the costs for Plaintiff of obtaining expert witnesses will be increase if transferred, and all of his witnesses reside closer to

Detroit than to a court in the Western District. (ECF No. 4). The Court accepted Plaintiff arguments and kept the case in this District. (ECF No. 5).

On March 2, 2023, Defendants Allenbaugh, Lambert, Nagorny, Rewerts, and Stevens moved to dismiss for improper venue or to transfer venue to the Western District. (ECF No. 30). Plaintiff timely responded. (ECF No. 34). Defendants did not mention the Court's order to show cause and subsequent decision keeping the case in this District.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Since all of the events alleged occurred in a prison facility in Carson City, Michigan, in the Western District, this case could have been filed in that district. Thus, convenience and the interests of justice will be considered. Courts have "broad discretion to determine when party convenience or the interests of justice make a transfer appropriate." *Reese v. CNH Am.*, 574 F.3d 315, 320 (6th Cir. 2009) (internal quotation marks and citation omitted). The party seeking transfer must demonstrate by a preponderance of the evidence that "fairness and practicality strongly favor the forum to which transfer is sought." *Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 749 (E.D. Mich. 2004) (citing *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001)).

In analyzing a motion under § 1404(a), courts generally consider the following non-exhaustive list of factors: (1) parties' convenience; (2) witnesses' convenience; (3) relative ease of access to sources of proof; (4) availability of process to compel attendance of unwilling witnesses; (5) cost of obtaining willing witnesses; (6) practical difficulties associated with trying the case quickly and inexpensively; and (7) interests of justice. *Thomas*, 131 F. Supp. 2d at 936.

Defendants argue generally that transferring venue to the Western District will be more convenient for them and for witnesses because they work at the Carson City facility, and presumably witnesses are in that area. They also point out all the claims alleged arose from acts at the Carson City facility. (ECF No. 30, PageID.202-03). These conclusory assertions do not establish, by a preponderance of the evidence, that convenience and the interests of justice require a transfer. Moreover, for the reasons explained below, a transfer is not warranted on the merits.

The facts applicable to the convenience of the parties weigh in neither party's favor, and for this reason, weigh against transferring the case. Substantial deference is given to the plaintiff's chosen forum, especially where, as here, the plaintiff resides in the chosen jurisdiction. *Id.* at 937. That said, a supported motion can defeat the plaintiff's convenience. During September 2022, when Plaintiff responded to the Order to Show Cause, he presumed he would be freed

3

from prison before the end of 2022. One of his arguments was that he would not have a driver's license, thus making the Eastern District, a more convenient forum than traveling to the Western District.[1] (ECF No. 4, PageID.141). Plaintiff is still incarcerated at a facility in the Eastern District of Michigan, so convenience of transportation is not currently pressing. That said, it will be inconvenient for Plaintiff to litigate the case in the Western District, and it could be inconvenient for Defendants to litigate in the Eastern District. Since both sets of parties are inconvenienced if one wins over the other, the Court relies on the advice that "a transfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1023 (E.D. Mich. 2002). Since that is what would occur here, based on the facts and arguments presented, this factor goes to Plaintiff.

The convenience of witnesses "is one of the most important factors in determining whether to grant a motion to change venue[.]" *D'Amato*, 341 F. Supp. 2d at 750 (citing *Thomas*, 131 F. Supp. 2d at 937). "The 'party moving for transfer for the convenience of the witnesses must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include.'" *Flagstar Bank, FSB v. Gulfstream*

---

[1] Plaintiff incorporated by reference his Show Cause response in his response to Defendant's motion to change venue.

*Bus. Bank, Inc.*, 2013 WL 6017977, at *2 (E.D. Mich. Nov. 13, 2013) (quoting *Rinks v. Hocking*, 2011 WL 691242, *3 (W.D. Mich. Feb. 16, 2011)). Defendants did no more than to state that it will be more convenient for unspecified witnesses if the case was in the Western District. To the extent that they are the key witnesses for the defense, as explained above, convenience of the parties does not favor transfer. Plaintiff asserts that he intends to hire medical expert witnesses who will be inconvenienced by having to travel to court in the Western District. (ECF No. 4, PageID.141). What the Court is left with is another instance of merely shifting inconvenience from one set of witnesses to another. Since Defendant did not carry their burden of establishing that convenience greatly favors a transfer, the Court will consider this factor in Plaintiff's favor.

As to the third factor, "the location of documentary evidence is a minor consideration." *D'Amato*, 341 F. Supp. 2d at 751 (quoting *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999)). Moreover, "'modern photocopying technology and electronic storage deprive this issue of practical or legal weight.'" *Wayne Cty. Emps.' Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 976 (E.D. Mich. 2009) (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 390 (D. Conn. 2008)). Plaintiff has access to his medical records from his prison, and Defendants will not be prejudiced by obtaining documents and discovery from a Plaintiff in the Eastern

5

District. And documents or information they need from the Carson City facility will of course be of no inconvenience to the Defendants. Thus, this factor weighs in Plaintiff's favor, especially considering Defendants did not address this factor.

Defendants offered nothing to suggest that a change in venue would lessen the cost of obtaining witnesses and would affect the availability of process to compel attendance of witnesses.

Defendants also made no argument about the practical difficulties of trying the case quickly and inexpensively. There is no reason to believe it would be quicker or less expensive to try the case in the Western District.

Defendants did not address the interests of justice, either. It is true that all the events alleged occurred in Carson City, Michigan in the Western District. The location of the events is an important consideration. *Wayne Cty. Employees' Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 976 (E.D. Mich. 2009). This factor could weigh in Defendants' favor but for their neglect in addressing it. Even if the Court considers it in their favor, the other factors weigh in favor of keeping the case.

As the Court ruled earlier on the Order to Show cause, venue is proper in this Court. Defendants' motion to transfer venue is **DENIED**. The moving Defendants are **ORDERED** to file a response to Plaintiff's complaint **within 21 days of the conclusion of the stay to be entered in a separate Order**.

6

Lastly, on March 16, 2023, Plaintiff moved the Court to lift a 90-day stay entered December 2, 2022. (ECF No. 32). Ninety days have passed since the stay was entered, but the Court nevertheless will **GRANT** the motion and formally lift that 90-day stay.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 18, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on April 18, 2023.

                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850